IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES MCDANIEL andPLAINTIFFS
DEBRA MCDANIEL

v.CASE NO. 4:13CV00217 BSM

NATIONSTAR MORTGAGE, LLC,
WILSON & ASSOCIATES, PLLC,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., BANK OF AMERICA, N.A., and
QUICKEN LOANS, INC.DEFENDANTS

ORDER

Defendant Wilson & Associates, P.L.L.C's ("Wilson") motion to dismiss [Doc. No. 43] is granted.

Plaintiffs James and Debra McDaniel allege that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), and the Arkansas Deceptive Trade Practices Act ("ADTPA"). They also assert claims for wrongful foreclosure and civil conspiracy, and they seek quiet title. Wilson, a law firm acting as attorney-in-fact for separate defendant Nationstar Mortgage, LLC. ("Nationstar"), moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), which permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. This rule requires that a complaint sufficiently allege facts that will entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Plaintiffs' claims against Wilson under the FDCPA and AFDCPA are dismissed because they do not allege that Wilson was engaging in debt collection as defined by 15

U.S.C.A. § 1692(e) or Ark. Code Ann. § 17-24-501, *et seq*. Plaintiffs' ADTPA claim against Wilson is also dismissed because the act does not apply to the practice of law. *See Preston v. Stoops*, 373 Ark. 591, 594 (Ark. 2008). The civil conspiracy claim against Wilson is also dismissed because there is no civil conspiracy between an attorney and his client for actions taken in order to further legal representation. *See Born v. Hosto & Buchan, PLLC*, 372 S.W.3d 324, 332 (2010).

Plaintiffs' claims against Wilson for wrongful foreclosure and quiet title are also dismissed because lawyers are immune from lawsuits related to professional services, unless there is privity of contract between the plaintiff and the lawyer. *See* Ark. Code Ann. § 16-22-310. This privity requirement may not be bypassed by couching a professional conduct claim against a lawyer as a claim for equitable relief. *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006). As plaintiffs rightly point out, a lawyer may not be immune from liability for intentional acts, such as abuse of process or conversion. *See Almand v. Benton Cnty.,* Ark., 145 B.R. 608, 617 (W.D. Ark. 1992).

Plaintiffs' wrongful foreclosure claim asserts that Wilson failed to comply with Arkansas statutory foreclosure requirements. Plaintiffs liken this claim to one for conversion, which is the wrongful possession or disposition of another's property which is inconsistent with the owner's rights. *See Hatchell v. Wren,* 363 Ark. 107, 116-17 (Ark. 2005). As a result, plaintiffs contend that this is an intentional tort, and Wilson should not be immune from suit.

The problem with this argument is that Arkansas law explicitly provides that the Statutory Foreclosure Act does not expand the liability of lawyers. *See* Ark. Code. Ann. §

16-22-310(c); *Quinn*, 470 F.3d at 1248. Further, plaintiffs allege that Nationstar, not Wilson, violated the statutory foreclosure requirements. They allege that Nationstar was not the holder of the note and was therefore not authorized to take any action to foreclose. They also allege that Nationstar failed to provide plaintiffs with information required by law. Put simply, they have not alleged any acts by Wilson in support of this claim, other than asserting that all defendants conspired together to wrongfully foreclose. For reasons already stated, these conspiracy claims against Wilson fail.

     IT IS SO ORDERED this 20th day of February 2014.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE